Case 6:14-cv-02457-RTH-CMH Document 38 Filed 05/26/15 Page 1 of 10 PageID #: 705

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 2 6 2015

TONY R. MOORE, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Charles Stout        Civil Action No. 14-02457

versus        Judge Richard T. Haik, Sr.

Pathfinder Energy Services, LLC,        Magistrate Judge C. Michael Hill
et al

## MEMORANDUM RULING

Before the Court is a Motion To Dismiss, Or Alternatively, Motion For Summary Judgment filed by Metropolitan Life Insurance Company ("MetLife") [Rec. Doc 28], Plaintiff, Charles Stout's ("Stout"), Opposition thereto [Rec. Doc. 31] and MetLife's Reply [Rec. Doc. 32]. Oral argument is not necessary. For the following reasons, MetLife's motion will be granted.

*Background*

Stout worked for Pathfinder Energy Services Inc ("Pathfinder"), a company wholly owned by Smith International, Inc. ("Smith"),[1] from April 1, 2001 until he was diagnosed with an aortic valve disorder on August 22, 2011. Smith established "The Smith International, Inc. Long Term Disability Plan For All Full Time Rotational Employees," and employee welfare benefit plan ("the Plan") to provide long term disability ("LTD") benefits to its eligible employees and the eligible employees of its subsidiaries. The Plan is governed by the Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). The Plan states that Smith is the "Employer and Plan Administrator" and the benefits are

---

[1] Stout was hired by Pathfinder Energy Services Inc., which was owned by W-H Energy Services Inc. In 2008, Smith acquired W-H Energy Services Inc. *R. 31.* In January 2010, Pathfinder Energy Services Inc. became Pathfinder Energy Services LLC, which merged into Schlumberger Technology Corporation in December 2012. *R. 26.*

insured by MetLife. *R. 28-2*. As an employee of Smith, Stout was eligible to and did participate in the Plan.

In August, 2011, Stout's treating physician, Dr. Barker, diagnosed him with aortic valve stenosis and indicated his restrictions and limitations of not lifting or carrying objects greater than 25 pounds prevented him from working. Stout applied for and was granted long term disability benefits under the Plan commencing on February 6, 2012.

On October 14, 2013, Dr. Barker submitted updated restrictions and limitations, indicating Stout was able to return to work and lift or carry up to 100 pounds. *R. 31-2, Exh. H*. By letter dated February 21, 2014, MetLife notified Stout that his long term disability benefits were terminated as he no longer met the Plan's definition of disabled. *R. 31-2, Exh. H*. MetLife indicated that the termination of benefits was based on Dr. Barker's report indicating Stout was able to return to work and to lift or carry up to 100 pounds. *Id.; R. 1, ¶ 63*. MetLife stated that because the updated medical information failed to support Stout's inability to perform the duties of his own occupation, his benefits would be terminated as of February 5, 2014.[2]

On July 2, and July 28, 2014, Stout, through his lawyer, submitted a letter dated July 2, 2014 to "MetLife Disability" making requests for a variety of Plan information as well as copies of numerous documents mostly related to Stout's disability benefits determinations. *Id., Exhs. I, J*. By letter dated August 20, 2014, MetLife responded to Stout's counsel's correspondence stating that, pursuant to ERISA, requests for Plan documents should be directed to the Plan Administrator, Smith International, Inc. *Id., Exh. K*. MetLife's letter

---

[2] Plaintiff characterizes Dr. Barker's statement change from a restriction of "25 lbs" to "100 lbs" as "a typographical error." *R. 31, p.3*. MetLife indicates on February 19, 2014, Dr. Barker re-submitted the restrictions adding an addendum indicating the restriction was "25 pounds", but that Barker included no additional medical notes or test results to support this change. *R. 28-3, Exh. B*.

referenced a "letter dated August 7, 2014, [in which] you acknowledged receipt of a copy of Mr. Stout's claims file...." MetLife further responded to each of the various requests in July 2, 2014 letter. *Id.* MetLife specifically advised Stout that he had 180 days, or until August 29, 2014, to appeal his denial of benefits, but that he could request an extension of the appeal deadline. *Id.*

Stout filed this lawsuit against MetLife, Smith, Pathfinder Energy Services, LLC, Pathfinder Energy Services LLC Plan Administrator, and Schlumberger Technology Corporation on August 20, 2014 but did not immediately serve the defendants. Two days later, on August 22, 2014, Stout requested an administrative appeal of his denial of benefits. Thereafter, by letters dated November 5 and 6, 2014, Metlife advised Stout, through his counsel, that the administrative appeal had resulted in his long term disability benefits being reinstated effective retroactively to February 6, 2014. *R. 28-3, Exh. C.* Stout served MetLife with the August 20, 2014 lawsuit on November 18, 2014 seeking reinstatement of long term disability benefits and statutory penalties pursuant to 29 U.S.C. § 1132(c) for MetLife's alleged failure to timely supply him with Plan documents.

MetLife filed this motion for summary judgment as to all of Stout's claims. In particular, MetLife argues that the reinstatement of Stout's long term disability benefits retroactive to February 6, 2014, makes Stout's reinstatement claim moot. Because the mootness doctrine is jurisdictional, MetLife contends this claim should be dismissed under Rule 12(b)(1) for lack of jurisdiction.

*Legal Standards*

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to seek dismissal of an action for lack of subject matter jurisdiction over a plaintiff's claims. *See* Fed.R.Civ.P. 12(b)(1); *see also* Fed.R.Civ.P. 12(h)(3). "Lack of subject matter jurisdiction may be found

in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine dispute of fact exists when evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and a fact is material if it might affect the outcome of the suit." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir.2014). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *EEOC v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir.2014). If the moving party meets this initial burden, "the onus shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Id*. The Court must draw all reasonable inferences in favor of the nonmoving party. *Id*.

*Analysis*

Stout brings this action under ERISA against MetLife alleging claims for reinstatement of long term disability, future long term disability, breach of fiduciary duty and conflict of interest. MetLife contends that Stout's claims against it must be dismissed as moot, because Stout's long term disability benefits were reinstated and the Plan does not authorize benefits for any future period of disability. MetLife further contends Stout's claims for

4.

sanctions and attorney's fees must be dismissed because MetLife is not the Plan administrator and his claims for breach of fiduciary duty and conflict of interest have no merit.

*Stout's Claim For Reinstatement of LTD Benefits*

Stout filed this lawsuit on August 20, 2014, and then two days later filed his administrative appeal. On November 5, 2014 Stout's benefits were reinstated retroactively to February 6, 2014 through the appeals process. Stout served the lawsuit on MetLife on November 18, 2014 seeking reinstatement of his long term disability benefits alleging they were wrongfully terminated.

A defendant's action that "accords all the relief demanded by the plaintiff" moots the controversy. *See* 13B Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3533.2 (3d ed.2011). In other words, "[s]o long as nothing further would be ordered by the court, there is no point in proceeding to decide the merits." *Id.* As the Fifth Circuit has stated,

> [a]n actual case or controversy must exist at every stage in the judicial process. Because federal courts cannot give opinions on moot questions or abstract propositions, an appeal must be dismissed when an event occurs while a case is pending on appeal that takes it impossible for the court to grant any effectual relief whatever to a prevailing party .... Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness). A claim becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.

*Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir.2008).

More specific to this ERISA case, a defendant's reinstatement of a plaintiff's benefits renders moot a complaint seeking such benefits. *See Weiss v. First Unum Life Ins. Co.*, 2009 WL 1559798, at *1 (D.N.J. June 2, 2009) (acknowledging that reinstatement and continued payment of plaintiff's LTD benefits moots plaintiff's claim that defendant wrongfully denied plaintiff's benefits in violation of ERISA); *Lemons v. Reliance Standard Life Ins. Co.*, 534 Fed.Appx. 162 (3rd Cir.,2013)(issue of whether ERISA plan administrator had arbitrarily

terminated long-term disability benefits of plan participant was resolved when participant's benefits were reinstated while case was pending, and thus case was moot).

Because Stout's claim for long term disability became moot when his benefits were fully and completely reinstated, the Court will dismiss this claim.

*Future Long Term Disability Benefits*

Stout claims that he should be allowed to proceed with this lawsuit in order "to clarify future benefits under the terms of the Plan." Stout does not cite any terms under the Plan or any basis in law upon which future long term disabilities benefits could be awarded. Under the Plan's "Disability Income Insurance: Long Term Benefits," LTD benefits are paid as a "Monthly Benefit" so long as the insured "continue[s] to be disabled without interruption after Our initial approval" and the insured verifies such as needed.

Federal law specifically provides that a beneficiary of a plan subject to ERISA may sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, [and] to clarify his rights to future benefits under the terms of the plan." *See* 29 U.S.C. § 1132(a)(1)(B). The parties have not cited and the Court has not located any Fifth Circuit jurisprudence explaining the phrase "to clarify his rights to future benefits under the terms of the plan." In *Wade v. Life Ins. Co. North America,* 245 F.Supp.2d 182, 188 (D.Me.,2003), the plaintiff claimed she was entitled to the present value of all future benefits under her long-term disability plan. Disagreeing, the court stated, "[a]n award of future benefits not yet accrued violates ERISA's purely compensatory remedial scheme." *Id.* The court further stated "no ERISA provision permits the Court to predict the future in order to fashion appropriate relief under the statute. Given that the circumstances affecting a claimant's eligibility for benefits may change, the insurance plan's administrator retains the authority to evaluate continuing eligibility." *See also, Welsh v. Burlington N., Employee*

*Benefits Plan*, 54 F.3d 1331, 1340 (8th Cir.1995) (affirming the court's declaration that plaintiff "is entitled to disability benefits in the future for as long as he is disabled," but noting that "nothing prevents the health insurance plan from evaluating whether [plaintiff] continues to be disabled in the future"); *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 697 (7th Cir.1992) (finding that it was not an abuse of discretion by the district court to order reinstatement of plaintiff's benefits, but noting that the plan administrator "remains free in the future to initiate further review of [plaintiff's] continuing eligibility for long-term disability benefits").

Thus, to the extent Stout is requesting clarification of his rights to future benefits, plaintiff is entitled to benefits in the future for as long as he is disabled, and the Plan has the right to evaluate whether he continues to be disabled in the future. To the extent Stout is claiming the Court should award him future benefits which have not yet accrued, the Court will deny Stout's claim. *See Fowler v. Aetna Life Ins. Co.*, 2008 WL 4911172, *5 (N.D.Cal. 2008) (ERISA does not permit the court to predict the future, given that circumstances affecting a claimant's eligibility for benefits might change.).

*Breach of Fiduciary Duty and Conflict of Interest*

Stout claims that MetLife operates under a conflict of interest because it is both the claims administrator and the insurer of the Plan at issue. He alleges MetLife breached its fiduciary duty as a Plan administrator under ERISA by initially denying his disability benefits, thereby creating a conflict of interest in its "dual role of both evaluating and paying benefits claims." In particular, Stout contends he was required to file this lawsuit to reinstate his benefits and he should be allowed to pursue it to assure MetLife does not simply deny his benefits in the future.

7.

"An ERISA fiduciary must act with prudence, loyalty and disinterestedness, requirements carefully delineated in the statute." *Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 307 (5th Cir.2007). The Fifth Circuit has commented that ERISA employers do not breach their fiduciary duties when the plaintiff "make[s] no allegations [ ] of deceptive trade practices, misrepresentations, or other behavior typically associated with fiduciary breaches by employers under ERISA...." *Bodine v. Employers Cas. Co.*, 352 F.3d 245, 251 (5th Cir.2003).

Here, there is no allegation or any facts indicating deceptive trade practice or misrepresentation with intent to deceive. In fact, Stout's concerns as to MetLife's conduct are contrary to the record of this proceeding. Stout concedes he was denied LTD benefits because of a typographical error in his treating physician's updated records which indicated he could return to work. Stout's appeal resulted in his LTD benefits being reinstated retroactively. The reinstatement of benefits occurred *before* Stout served MetLife with the lawsuit his attorney had drafted *before* filing the administrative appeal required under ERISA. There is nothing in the record indicating Stout's benefits were not properly administered under the terms of the Plan during the appeal process or that they will not be properly administered in the future. The Court finds MetLife breached no fiduciary duty and will afford no weight to any perceived conflict in MetLife's evaluation of Stout's claim in this case.

*Attorney's Fees and Statutory Penalties*

Stout contends he is entitled to an award of attorney's fees and statutory penalties under 29 U.S.C. § 1132(c), for MetLife's failure to supply him with Plan documents. *R. 31*. MetLife argues that it is not the Plan administrator pursuant to the terms of the Plan in this

case. MetLife further contends Stout is not entitled to attorney fees for work performed during the claims and administrative appeal process.

Pursuant to section 502(c)(1)(B) of ERISA, 29 U.S.C. § 1132(c)(1)(B), an administrator who fails to comply with a request by a beneficiary for any information the administrator is required to furnish within 30 days *may, in the court's discretion,* be personally liable to the beneficiary in the amount of up to $100 a day from the date of such failure. The ERISA statute defines "administrator" as: "(I) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002. In this case, the Plan provision "ERISA Information" specifically designates "Smith International, Inc." as the "Employer and Plan Administrator." *R. 28-2, SPD-053.* The plain language of § 502(c) "requires that the plaintiff seek relief from the plan administrator, who is personally liable for any disclosure violations. The statute makes no provision for liability to attach to any other person, even when the administrator is an employee of the plan sponsor." *Crowell v. Shell Oil Co.*, 481 F.Supp.2d 797, 814 (S.D.Tex.2007).

Stout also contends that MetLife is a "de facto" administrator. The Fifth Circuit has not recognized that where a plan names a plan administrator, an entity other than the named administrator may nonetheless be held liable as a de facto administrator. *See Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir. 1990) (Stating the argument that the Plan insurer should be regarded as a de facto plan administrator "has intuitive appeal"). More importantly, the record indicates that even though MetLife was not the correct entity from which Stout should have requested Plan information, MetLife responded the next

month with Plan documents and all of the various documents and information requested by Stout's lawyer. The Court finds that Stout is not entitled to statutory penalties in this case.

The Court further finds the facts of this case as well as the foregoing analysis preclude the Court's consideration of attorney's fees under section 502(g). But even considering the *Bowen* factors[3] used to determine whether to award ERISA attorney's fees, the Court finds the majority of the factors weigh against any award to Stout. Most importantly, the merit factor does not weigh in his favor.

## *Conclusion*

Based on the foregoing analysis, plaintiff, Charles Robert's Stout's, claim for reinstatement of long term disability benefits under the ERISA Plan will be denied as moot, and his claims for future benefits, breach of fiduciary duty, conflict of interest, attorney's fees and statutory penalties will be dismissed as there exists no genuine dispute as to any material fact. Accordingly, MetLife's motion will be granted.

_____
Richard T. Haik, Sr.
United States District Judge

---

[3] In *Iron Workers Local # 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir.1980), the Fifth Circuit set out five factors to consider in deciding whether to award ERISA attorney's fees. These "Bowen factors" include: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." None of these factors is "necessarily decisive, and some may not be apropos in a given case. *Id.*